WALKER, Presiding Justice,
dissenting:
The majority opinion will do no more than add confusion to the law, bring dismay to the lawyers and frustration to the judges.
Therefore, I dissent from the holding of the majority that Mississippi Code Annotated section 9-13-35 (1972) gives the circuit court the authority to grant an enlargement of time to the parties on an appeal for them to review and examine the court reporter’s notes for proposed corrections and suggestions.
Section 9-13-35 (1972) provides as follows:
*730 When the notes shall be transcribed, the court reporter shall mail or deliver personally, to each attorney or firm, shown by the record to be interested in the case, written notice that the notes have been forwarded or delivered to the clerk of the court, and shall append to the copy of his notes his certificate of the fact that such notice has been so mailed or delivered, giving the names and addresses of the attorneys or firms so notified. It shall be the duty of the court reporter upon the completion of the transcript of his notes to deliver in person or forward the transcribed notes by registered mail or express, to the clerk of the court where the cause was tried. For ten days after the date of mailing of the notice by the court reporter, the appellant’s counsel shall have the use of the notes for the purpose of examination and correction, at the expiration of which time the appellant’s counsel shall deliver or mail the notes to one firm or attorney representing the ap-pellee, appending to the notes or endorsing thereon a certificate showing the date when the notes were so mailed or delivered. The appellant’s attorney shall also append any written suggestion or proposed correction in the notes. The appellee’s counsel shall be entitled to have the use of the notes for five days from the date of the mailing or delivery of the same by the appellant, for the purpose of examination or suggesting corrections therein, and at the end of five days the notes shall be returned to the clerk. If neither party shall suggest any corrections, the notes shall upon their return to the clerk by the appellee become a part of the record. If corrections or suggestions as to alterations be made by either party, the clerk shall forthwith deliver in person, mail or express, the notes with all suggested corrections, to the trial judge, who- shall make such corrections as may be proper and forthwith return the transcript of the notes to be corrected to the court reporter, who shall make all such corrections as the trial judge shall direct, and return the same to the judge within ten days, who shall thereupon sign and return the notes to the clerk of the court, which shall be considered a correct transcript. But if both parties to the litigation, or their attorneys, shall enter upon the court reporter’s notes, or file in the supreme court a written agreement that the same as originally filed, or as subsequently modified by agreement, are correct, such transcribed notes shall become a part of the record in the case without the approval of the trial judge. (Emphasis added).
That section does not say and cannot honestly be construed to mean that the circuit court has the authority to grant additional time to attorneys for examination of the record.
For many years this Court has held that once an appeal has been filed in this Court that the Court has exclusive jurisdiction of all matters concerning said appeal except as provided by statute. Today’s holding will do nothing but add to the delay in reaching a final determination of cases and will add to the backlog of this Court.
In my opinion the circuit judge was imminently correct in overruling the appellant’s motion for time for lack of jurisdiction based on well-established and long-standing law.
BOWLING, J., joins this dissent.